UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICKY LEE GRUNDY, | ) |
| Plaintiff(s), | ) Case No. 2:07-cv-694-RLH-LRL |
| vs. | ) **O R D E R** |
| HOWARD SKOLNICK, *et al.*, | ) (Motion to Vacate–#130) |
| Defendant(s). | ) (Motion for Hearing–#131) |

   Pursuant to an Order of the Ninth Circuit Court of Appeals (dkt # 138, entered December 14, 2012), this Court will review Plaintiff's Motion to Vacate Order on Motion for Summary Judgment (dkt #130) and Motion for Hearing on Motion for Summary Judgment (dkt # 131) on their merits. Both motions are based upon Fed. R. Civ. P. 8, 12, 59, and 60. They seek reconsideration of this Court's Order (dkt # 128) granting Defendants' Motion for Summary Judgment (#108) and denial of Plaintiff's Motion for Leave to File Second Amended Complaint (#118). While not entitled a motion for reconsideration, that is what Plaintiff is asking and arguing for in his motions. Accordingly, the motions will be considered as requests for reconsideration of it March 31, 2011, Order (#128).

RECONSIDERATION

   Although not mentioned in any of the Federal Rules of Civil Procedure, motions for reconsideration may be brought under both Rules 59(e) and 60(b). "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is

1

presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only for: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. A motion for reconsideration is properly denied when it presents no arguments that were not already raised in its original motion. *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985).

Motions for reconsideration are not "the proper vehicles for rehashing old arguments," *Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316 (S.D.Tex. 1994)(footnotes omitted), and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D. Va. 1977).

## AMENDMENTS OF THE COMPLAINT

Plaintiff has repeatedly amended and attempted to amend his complaint. He seeks to add parties whose present would be futile. He seeks to add parties who have previously been dismissed for his failing to state claims against them. Furthermore, Defendant Cox, whom he failed to name as a defendant in the caption, although he mentions him in the most recent complaint, was treated as though he were a named defendant by this Court in its Order granting the motion for summary judgment.

This case is more than three years old. There is a limit to the number of times the Court will permit a party to attempt to amend a complaint when his repeated efforts still fail.

## FAILURE TO OPPOSE SUMMARY JUDGMENT

Plaintiff argues that he did not know that he had to respond to the Motion for Summary Judgment immediately after his appeal was dismissed. He ignores the fact that he requested two extensions to respond to the Motion for Summary Judgment, each, incidentally, filled days after his responses were due. Notwithstanding his belated requests for extensions, this Court granted them.

However, rather than responding to the Motion for Summary Judgment as ordered in granting his requests, he chose to appeal the Order giving him the extension–likely for the purpose of obtaining further delay (it was promptly dismissed by the Court of Appeals).  Yet, he waits nearly another month, after this Court grants Defendants' Motion for Summary Judgment, to file this Motion to Vacate, and even then makes no effort to show that he has a legitimate response to their motion.  He just says he did not realize he had to.  He then requests a two more weeks, from the date of the order on this Motion to Vacate in which to respond to the Motion for Summary Judgment which was filed nearly five months previous, and which he has still failed to present any facts or arguments contradicting the facts and arguments presented in Defendants' Motion.

Furthermore, he has failed to adequately show that his failure to respond is because of excusable neglect.  Rather, the evidence is clear that his actions have been purely for the purpose of delay because he has no legitimate response to Defendants' Motion.

### REQUEST FOR HEARING

Without restating the above, Plaintiff has not presented or identified any arguments or facts which he would present at a hearing.

### CONCLUSION

Plaintiff has failed to identify any of the bases for reconsideration required by Rules 59(e) or 60(b).  He has failed to show any basis for vacating this Court's Order or for granting a hearing.

IT IS THEREFORE ORDERED that Plaintiff's Plaintiff's Motion to Vacate Order on Motion for Summary Judgment (dkt #130) and Motion for Hearing on Motion for Summary Judgment (dkt # 131) are DENIED.

Dated: December 18, 2012.

_____
Roger L. Hunt
United States District Judge